# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| SNOQUALMIE INDIAN TRIBE, a federally recognized Indian tribe on its own behalf and as *parens patriae* on behalf of its members,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON; and GOVERNOR JAY INSLEE and WASHINGTON DEPARTMENT OF FISH AND WILDLIFE DIRECTOR KELLY SUSEWIND, in their official capacities,<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT FOR DECLARATORY RELIEF AS TO TREATY STATUS AND INJUNCTIVE RELIEF |

## **INTRODUCTION**

1. Plaintiff Snoqualmie Indian Tribe ("Tribe"), a federally-recognized sovereign Indian tribe, seeks a declaration as to its status as a signatory to the Treaty with the Duwamish, Suquamish, et al. ("Treaty of Point Elliott"), January 22, 1855, Art. V, 12 Stat. 927, entered into with the United States of America for the "privilege of hunting and gathering roots and berries on open and unclaimed lands" off-reservation throughout the modern day state of Washington, and injunctive relief to compel Defendants to comply with Federal law.

2. The Tribe asks this Court to declare that the Tribe (1) is a signatory to the Treaty of Point Elliott and (2) the Tribe's reserved rights under the Treaty of Point Elliott have not been abrogated by Congress.

COMPLAINT - 1
CIVIL ACTION NO.

3. This action focuses solely on the propriety of the Defendants' actions denying Treaty status in the context of hunting and gathering. This action does not seek to adjudicate the scope of those rights.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under: (a) 28 U.S.C. § 1331, because this is an action arising under the Constitution, laws or treaties of the United States; and (b) 28 U.S.C. § 1362, because this is an action brought by an Indian tribe with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, and treaties of the United States; and (c) 28 U.S.C. § 2201, because this is an action seeking a declaration in a case of actual controversy within the jurisdiction of the Court. This Court has jurisdiction over the claim that arises under the Washington State Constitution pursuant to 28 U.S.C. § 1367.

5. Venue lies in this Court under 28 U.S.C. § 1391(b) because it is the District in which any Defendant resides and it is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

6. Plaintiff is a federally recognized sovereign Indian tribe with its governmental offices located at 9571 Ethan Wade Way SE, Snoqualmie, Washington 98065. *See, e.g., Indian Entities Recognized and Eligible to Receive Services From the United States Bureau of Indian Affairs*, 84 Fed. Reg. 1200, 1203 (Feb. 1, 2019). The Tribe operates pursuant to its Constitution dated June 24, 2006, as amended. The Snoqualmie Tribal Council has primary responsibility to protect the welfare of Snoqualmie Tribal members, and exercise governmental control over Tribal lands. The Snoqualmie Indian Reservation is located on lands held in trust by the United States on behalf of the Tribe near Snoqualmie, Washington. The Tribe manages hunting and gathering resources, and authorizes and regulates its Tribal members' exercise of the "privilege of hunting [and] gathering roots and berries" pursuant to Tribal Code. The Tribe brings this
COMPLAINT - 2
CIVIL ACTION NO.

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

action on its own behalf and as *parens patriae* on behalf of its members who exercise treaty-reserved rights.

7. Defendants are the State of Washington ("State"), and State officials responsible for the implementation and enforcement of the State's hunting and gathering laws and regulations. As described more fully below, Defendants have and continue to deprive the Tribe of the exercise of the hunting and gathering rights reserved by it and guaranteed to it by the Treaty of Point Elliott as follows:

(a) Defendant Jay Inslee is Governor of Washington and is sued in his official capacity as Washington's chief executive officer. The Governor has a constitutional obligation to "see that the laws are faithfully executed." Wash. Const. art. III, § 5.

(b) Defendant Kelly Susewind is sued in his official capacity as the Director of the Washington Department of Fish and Wildlife ("WDFW") and exercises authority granted to him under Washington law and/or delegated to him by the Governor, including the authority to implement and enforce State hunting laws.

## STATEMENT OF FACTS

### Snoqualmie Pre-Treaty Hunting and Gathering

8. Since time immemorial, hunting and gathering has been a way of life for the Snoqualmie people.

9. In *Snoqualmie Tribe of Indians v. United States*, 372 F.2d 951 (Ct. Cl. 1967), the court found that "the Snoqualmie were land hunters" and that "Snoqualmie relied on hunting for a large part of their subsistence." The Court of Claims further noted that "the Snoqualmie Indians, who had horses, were rated as one of the better hunting tribes[,]" and that "the Snoqualmie … wandered and roamed through the Cascade Mountains on hunting expeditions."

### Snoqualmie Signatories to the Treaty of Point Elliott

10. In 1854 and 1855, the United States and various tribes signed treaties commonly known as the "Stevens Treaties". In the Stevens Treaties, the tribes relinquished their interests in

COMPLAINT - 3
CIVIL ACTION NO.

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

most of the Washington Territory; however, the tribes expressly reserved to themselves certain rights.

11. In Article V of the Treaty of Point Elliott, the tribes expressly reserved to themselves:

> The right of taking fish at usual and accustomed grounds and stations is further secured to said Indians in common with all citizens of the Territory, and of erecting temporary houses for the purpose of curing, together with the privilege of hunting and gathering roots and berries on open and unclaimed lands. Provided, however, that they shall not take shell-fish from any beds staked or cultivated by citizens.

12. At the time of the Treaty of Point Elliot, the Snoqualmie consistent of eighteen or more winter villages under the leadership of Chief Pat Kanim. The Tribe is a signatory to the Treaty of Point Elliott under its Chief Pat Kanim. Among the other thirteen Snoqualmie signors of the Treaty, who continued as important sub-chiefs in the ensuing years, were: John Kanim (listed as John Kanam in the Treaty), Klemish Kanam (spelled as Klemsh-ka-nam in the Treaty), Hutty Kanim, and Chush Kanim.

13. Numerous Federal Court and Indian Claims Commission cases confirm the Tribe was a treaty signatory. *See U.S. v. Washington*, 641 F. 2d 1368, 1370, n. 1 (9th Cir. 1981) ("The Duwamish, Samish, Snohomish, and **Snoqualmie** Tribes **were parties to the Treaty of Point Elliott**, 12 Stat. 927 (signed January 22, 1855; ratified March 8, 1859; proclaimed April 11, 1859).") (emphasis added); *Snoqualmie Indian Tribe, et al. v. United States*, 9 Ind. CL Comm. 25, 48 (June 30, 1960) (recognizing Snoqualmie title to lands ceded under the Treaty of Point Elliott); *Snoqualmie Indian Tribe, et al. v. United States*, 15 Ind. Cl. Comm. 267, 310, 314 (May 7, 1965) (finding that "Governor Stevens concluded the Treaty at Point Elliott on January 22, 1855 with . . . Snoqualmie"); *Upper Skagit Tribe of Indians, et al. v. United States*, 13 Ind. Cl. Comm. 583, 585-86, 588 (Aug. 13, 1964) (finding that "Snoqualmie" were among the signatories to the Treaty of Point Elliott, and awarding Snoqualmie monetary compensation).

14. Most recently, the United States noted that "The Snoqualmie tribe was acknowledged by the Treaty of Point Elliott in 1855 and continued to be acknowledged after that

COMPLAINT - 4
CIVIL ACTION NO.

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

point" in the Assistant Secretary of the Interior's 1997 Summary Under the Criteria and Evidence for Final Determination of Federal Acknowledgement of the Snoqualmie Tribal Organization, which confirmed Snoqualmie's continuous and unbroken tribal organizational structure from Treaty times to the present day.

15. The Tribe reserved to itself the same rights and privileges as the other Indian treaty signatories of the Treaty of Point Elliott.

16. At no time has Congress abrogated the Tribe's rights under the Treaty of Point Elliott.

**Prior State Position Recognizing Tribe's Treaty Status**

17. On April 16, 1969, Walter Neubrech, Chief of the Enforcement Division of the Washington Department of Game, issued a letter providing that the Tribe could participate in a deer hunt within the entirety of the Point Elliott ceded area because "The above described lands were ceded to the United States Government by the Snoqualmie and other tribes. It is on this land that tribes who were a party to the Elliott Treaty may hunt or fish without first acquiring a license but who are required to abide by all other necessary conservation laws."

18. This letter establishes the WDFW's previously long-held and correct recognition of Snoqualmie as a Treaty signatory with reserved rights thereunder.

**State's 2019 Adverse Actions**

19. WDFW provides a process whereby Washington State Indian tribes who are signatories to the Stevens Treaties can obtain traditional area hunting designations from the State.

20. A number of Washington State Indian tribes who are signatories to the Stevens Treaties have sought and received such a designation.

21. By letter dated May 7, 2019, WDFW sent a letter to various Washington State Indian tribes who are signatories to the Stevens Treaties that WDFW intends to update the procedural guidelines for evaluating a tribe's asserted traditional hunting area and seeking input from certain tribes on those revisions.

22. The Tribe did not receive a copy of that letter.

COMPLAINT - 5
CIVIL ACTION NO.

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

23. On or about June 30, 2019, the Tribe sent a letter to WDFW expressing its dismay that it was excluded from the May 7, 2019 letter, and providing information supporting the fact that the Tribe is a signatory to Treaty of Point Elliott.

24. By letter dated September 24, 2019, WDFW sent a letter to the Tribe, signed by Defendant Susewind, indicating that "the Snoqualmie Tribe does not have off-reservation hunting and fishing rights under the Treaty of Point Elliott."

25. In a subsequent letter dated October 15, 2019, Defendant Susewind invited various Tribal leaders to an "October 30, 2019 meeting regarding WDFW's procedural guidelines to evaluate treaty tribes' asserted traditional hunting areas" and "to also discuss a process at the meeting on how best to consult with you on those guidelines." The letter was not sent to the Tribe and contained an attachment that did not list the Tribe as a Tribe with Treaty status.

26. On December 11, 2019, representatives for the Tribe met with Defendant Susewind and representatives of WDFW in an effort to avoid litigation. On December 17, 2019, WDFW reiterated its position that the Tribe does not have Treaty rights.

27. The Tribe's treaty reserved off-reservation hunting and gathering rights, which have never been abrogated by Congress, have been and continue to be directly and adversely impacted by Defendants' conduct which deny to the Tribe the benefit of their treaty-reserved rights as a Treaty signatory.

**FIRST CAUSE OF ACTION**

**(Declaration of Treaty Status)**

28. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

29. The Tribe is a signatory to the Treaty of Point Elliott.

30. As a tribe that signed the Treaty of Point Elliott and has maintained a continuous organized structure since, the Tribe is entitled to exercise rights thereunder.

31. The Tribe's treaty reserved hunting and gathering rights are a property right which is protected by Article V of the United States Constitution, as applied through the

COMPLAINT - 6
CIVIL ACTION NO.

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

Fourteenth Amendment, which cannot be deprived without due process of law and just compensation.

32. Treaties are the supreme law of the land, and are binding within the territorial limits of the states, and can only be modified or abrogated by an act of Congress. U.S. Const., art. VI, cl. 2. The Tribe's reserved treaty hunting and gathering rights are privileges recognized by the U.S. Constitution and the Tribe's treaty with the United States.

33. There is no act of Congress modifying or abrogating the Tribe's treaty rights.

34. The Tribe's treaty reserved off-reservation hunting and gathering rights continue against the United States and its grantees, as well as against the State and counties, and their grantees.

## SECOND CAUSE OF ACTION

### (Violation of Equal Protection)

35. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

36. The Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and Washington Constitution at Article 1, Section 12 both require that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.

37. Acting under color of state law, Defendants have denied the Tribe and its members the same protection of fundamental rights afforded to other Washington State Indian tribes who were treaty signatories and their members.

38. The Tribe's treaty hunting and gathering rights may not be qualified by any action of the State.

39. The Tribe's members have, are and continue to be harmed by the actions of Defendants unlawfully treating the Tribe and its members differently than similarly situated Washington State Indian tribes who were treaty signatories when they omit the Tribe from the list of tribes with reserved hunting and gathering rights secured under the Treaty of Point Elliott,

COMPLAINT - 7
CIVIL ACTION NO.

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

seek to deny the Tribe's treaty status, and exclude the Tribe from opportunities pertaining to Treaty hunting and gathering on that basis.

## PRAYER FOR RELIEF

WHEREFORE, the Tribe prays for the following relief:

A. For a declaration that the Tribe is a signatory to the Treaty of Point Elliott and that such rights have not been abrogated by Congress;

B. For an injunction requiring Defendants to comply with Federal law; and

C. For such other relief as the Court deems just, equitable and proper.

DATED this 20th day of December, 2019.

By: */s/ Rob Roy Smith*
Rob Roy Smith, WSBA No. 33798
Email: RRSmith@kilpatricktownsend.com
Rachel B. Saimons, WSBA # 46553
Email: RSaimons@kilpatricktownsend.com
Claire R. Newman, WSBA No. 46200
Email: CNewman@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Tel: (206) 467-9600
Fax: (206) 623-6793

*Attorneys for Snoqualmie Indian Tribe*

72425029V.2

COMPLAINT - 8
CIVIL ACTION NO.

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600