HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SNOQUALMIE INDIAN TRIBE, a federally recognized Indian tribe on its own behalf and as parens patriae on behalf of its members,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON; and GOVERNOR JAY INSLEE and WASHINGTON DEPARTMENT OF FISHAND WILDLIFE DIRECTOR KELLYSUSEWIND, in their official capacities,<br><br>Defendant. | CASE NO. 3:19-cv-06227-RBL<br><br>ORDER ON SAMISH INDIAN NATION'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF APPEAL<br><br>DKT. # 41 |

THIS MATTER is before the Court on third party Samish Indian Nation's Motion for Leave to Intervene under Rule 24(a) or (b) for the Limited Purpose of Appeal. Dkt. # 41. The Snoqualmie do not oppose the Samish's Motion. Dkt. # 42.

"Post-judgment intervention for purposes of appeal may be appropriate if the intervenors act promptly after judgment . . . and meet traditional standing criteria." *Legal Aid Soc. of Alameda Cty. v. Brennan*, 608 F.2d 1319, 1328 (9th Cir. 1979). "The general rule [is] that a post-judgment motion to intervene is timely if filed within the time allowed for the filing of an

appeal," which is 30 days for most civil cases. *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (internal quotation omitted); Fed. R. App. P. 4(a)(1)(A). Article III standing requires showing (1) an injury in fact (invasion of a legally protected interest, concrete and particularized to the complaining party, and actual or imminent); (2) a causal connection between the injury and conduct complained of; and (3) redressability (it must be likely that the injury will be redressed by a favorable decision). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

The Samish meet these requirements. The Samish is one of the five tribes that originally intervened in the proceedings before Judge Boldt in the 1970s to determine fishing rights. Judge Boldt found that both the Snoqualmie and the Samish did not have fishing rights under the Treaty of Point Elliott because neither tribe had maintained political and organizational continuity with the original signatories to the treaty. *United States v. State of Wash.*, 476 F. Supp. 1101, 1106 (W.D. Wash. 1979), *aff'd*, 641 F.2d 1368 (9th Cir. 1981). Based on that holding, this Court dismissed the Snoqualmie's claims in this case asserting hunting and gathering rights under the same treaty due to issue preclusion. Order, Dkt. # 39. The Court reasoned that the previously-decided issue of continuity was a prerequisite for treaty-tribe status, which is in turn a prerequisite to claiming treaty rights of any kind. *Id*. The Court found this outcome to be supported by *United States v. Washington*, 593 F.3d 790, 799 (9th Cir. 2010), in which the Ninth Circuit held that federal recognition by the Bureau of Indian Affairs did not allow the Samish to re-open proceedings to adjudicate its fishing rights.

The Samish's interests are sufficiently implicated by this Court's holding to support standing and justify intervention under Rule 24(a). The Samish stand to be concretely injured if the Court's decision is upheld because such an outcome would likely limit the tribe's ability to

1  assert non-fishing rights under the Treaty of Point Elliott. Reversal by the Ninth Circuit would
2  likely redress this injury. Finally, the Samish moved to intervene in just six days—well within
3  the window for filing an appeal. Consequently, the Court GRANTS the Samish's Motion.
4      IT IS SO ORDERD.

6      Dated this 16th day of April, 2020.

                                            Ronald B. Leighton
                                            United States District Judge